IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA LYNN SCHMALTZ**,

        Plaintiff,

v.                                              No. CIV 06-584 BB/ACT

**LINDA VALAIKA,** as agent for Remax;
**JOHN DOES**,

        Defendants.

## MEMORANDUM OPINION

On July 21, 2006 this Court issued an order to show cause why this case should not be dismissed (Doc. 5). Plaintiff has filed an objection to that order (Doc. 7). Having considered Plaintiff's arguments, Plaintiff's complaint, and the materials attached to that complaint, the Court finds the case should be dismissed, for the following reasons.

Plaintiff claims to own the property at issue in this case as a result of a transfer from a third party, denominated as "Debtor" in the complaint. According to the materials attached to the complaint, that transfer occurred on March 14, 2006. However, the attachments to the complaint also show that there was a prior state-court lawsuit concerning the property, resulting in a judgment against Debtor on December 13, 2004. Furthermore, the state court subsequently entered a writ of assistance requiring law enforcement officials to remove Debtor from the property and restore it to the party that won the state-court lawsuit, on or before February 28, 2006.

In the order to show cause, this Court stated that Plaintiff's current federal-court lawsuit is simply an attempt to attack the state-court judgment divesting Debtor of her ownership of the property in question. This Court also stated that such an attack on a state-court judgment is not

allowed in federal court, due to the *Rooker-Feldman* doctrine. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (*Rooker-Feldman* doctrine deprives federal district court of jurisdiction to review state court judgments or claims inextricably intertwined with those judgments). Nothing in Plaintiff's response to the order to show cause indicates the Court's analysis is incorrect, or that the factual statements made in that order are inaccurate. However, in order to ensure that Plaintiff's interests are protected, the Court has conducted further research on the *Rooker-Feldman* issue, due to the fact that Plaintiff was not a party to the state-court lawsuit but instead is in privity with Debtor, who was a party to that case. The Supreme Court has recently decided that the *Rooker-Feldman* doctrine normally does not apply where the federal-court plaintiff is in privity with the state-court loser, but was not a party to the state-court proceedings. *Lance v. Dennis*, ___ U.S. ___, 126 S.Ct. 1198, 1202 (2006). For that reason, the *Rooker-Feldman* doctrine probably does not apply in this case.

      Despite the above, however, dismissal of this case is still appropriate. As the Supreme Court pointed out in *Lance*, where a party is in privity with a state-court loser and attempts to bring a lawsuit that essentially attacks the state-court judgment, the proper doctrine to apply is the doctrine of preclusion. This doctrine prevents a party to a case, or those in privity with that party, from re-litigating claims or issues that have been previously litigated in a prior case. In particular, where a judgment has decided ownership interests in real property, that judgment has preclusive effect against anyone who succeeds to the interest of the party against whom the judgment was obtained. *See Restatement (2d) Judgments*, § 43 (1982); *see also LaBow v. Rubin*, 897 A.2d 136, 142 fn. 5 (Conn. App. 2006). In other words, the judgment obtained against Debtor in the state-court action, deciding that Debtor was not the owner of the property at issue in this case, precludes Plaintiff (Debtor's successor in interest to the property) from asserting any claim of ownership to the property.

Plaintiff's current federal-court lawsuit, attempting to assert ownership of the property, is therefore without merit and must be dismissed. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (where complaint fails to state claim, and no amendment could cure the defect, case may be dismissed *sua sponte*); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, §18 *Federal Practice and Procedure* 4405 (2d ed. 1990 & Supp.2005) ("[I]t has become increasingly common to raise the question of preclusion on the court's own motion."

Based on the foregoing, Plaintiff's complaint will be dismissed.

Dated this 16th day of August, 2006.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Patricia Lynn Schmaltz, pro se